THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

PAMELA MCBRIDE, as surviving spouse,
OF ROYCE MCBRIDE, AND JAMES
MCBRIDE, as Administrator OF THE
ESTATE OF ROYCE MCBRIDE

    Plaintiffs,                       **CASE NO.: 1:23-cv-116**

v.

FIDELITY LIFE ASSOCIATION, A LEGAL
RESERVE LIFE INSURANCE COMPANY,

    Defendant.
_____

## ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT
## FIDELITY LIFE ASSOCIATION TO PLAINTIFFS' COMPLAINT

Defendant, Fidelity Life Association, ("Fidelity Life" or "Defendant"), by and through its attorneys, Kennedys CMK LLP and Howell & Fisher, PLLC, by way of answer to Plaintiffs' Complaint ("Complaint") hereby states as follows:

1. Admitted in part; denied in part. It is admitted, upon information and belief, only that Pamela McBride is a resident and citizen of Cleveland, Bradley County, Tennessee, that she is the surviving spouse of Royce McBride, and that Pamela McBride was previously the primary beneficiary on the subject Life Insurance Policy issued by Defendant Fidelity Life to Royce McBride. By way of further answer, it is specifically denied that the subject Life Insurance Policy was in force and effect at the time of Mr. McBride's death on April 9, 2022.

2. Admitted, upon information and belief.

3. Admitted in part; denied in part. It is admitted only that Fidelity Life has its principal place of business located in Chicago, Illinois and that Fidelity Life is authorized to do business in Tennessee. It is denied that Fidelity Life is a Tennessee corporation. By way of further answer, at all times material to this action, Fidelity Life has been an Illinois corporation.

4. Denied. The averments of this paragraph constitute conclusions of law to which no response is required. To the extent any response is required, said averments are denied.

5. Admitted in part; denied in part. It is admitted only that Royce McBride applied to Fidelity Life on March 9, 2002 for a twenty-year level term life insurance policy, and that Fidelity Life subsequently issued policy no. 0FL0521901, which insured the life of Royce McBride in the face amount of $2,500,000.00, subject to all of the terms and conditions stated therein. The remaining averments of this paragraph are denied inasmuch as they refer to writings that each speak for themselves, and any characterization of their respective contents by Plaintiffs is specifically denied.

6. Denied. By way of further answer, on March 12, 2022, Royce McBride's bank declined payment of a premium due to Fidelity Life with respect to the Life Insurance Policy. No payment was effectuated. Thereafter, on March 16, 2022, Mr. McBride submitted correspondence to Fidelity Life setting forth his instruction to cancel the Life Insurance Policy. Mr. McBride further submitted a completed and executed Request for Cancellation to Fidelity Life. A true and correct copy of Mr. McBride's letter with Request for Cancellation form is attached hereto as Exhibit A. As of April 9, 2022, the date of Mr. McBride's death, no premium payment had been remitted to Fidelity Life for the Life Insurance Policy, and the Life Insurance Policy had been cancelled and had no force or legal effect. No request for reinstatement came until after the death

of the insured and after any grace period for reinstatement would have expired. Per the terms of the policy, reinstatement is only available if a request is made prior to the death of the insured.

7. Denied. The January 10, 2022 letter to which this paragraph refers is in writing and speaks for itself, and any characterization of its contents by Plaintiffs is denied.

8. Admitted in part; denied in part. On March 12, 2022, Royce McBride's bank declined payment of a premium due to Fidelity Life with respect to the Life Insurance Policy. No payment was effectuated. Thereafter, on March 16, 2022, Mr. McBride submitted correspondence to Fidelity Life setting forth his instruction to cancel the subject Life Insurance Policy. Mr. McBride further submitted a completed and executed Request for Cancellation to Fidelity Life. See Exhibit A. As of April 9, 2022, the date of Mr. McBride's death, no premium payment had been remitted to Fidelity Life for the Life Insurance Policy, and the Life Insurance Policy had been cancelled and had no force or legal effect. No request for reinstatement came until after the death of the insured and after any grace period for reinstatement would have expired. Per the terms of the policy, reinstatement is only available if a request is made prior to the death of the insured. The remaining averments of this paragraph are denied inasmuch as the March 22, 2022 letter to which they refer is in writing and speaks for itself, and any characterization of its contents by Plaintiffs is specifically denied.

9. Denied. The averments of this paragraph refer to writings which speak for themselves, and any characterization of their contents is specifically denied. By way of further answer, on March 12, 2022, Royce McBride's bank declined payment of a premium due to Fidelity Life with respect to the Life Insurance Policy. No payment was effectuated. Thereafter, on March 16, 2022, Mr. McBride submitted correspondence to Fidelity Life setting forth his instruction to cancel the Life Insurance Policy. Mr. McBride further submitted a completed and executed

Request for Cancellation to Fidelity Life. See Exhibit A. As of April 9, 2022, the date of Mr. McBride's death, no premium payment had been remitted to Fidelity Life for the Life Insurance Policy, and the Life Insurance Policy had been cancelled and had no force or legal effect. No request for reinstatement came until after the death of the insured and after any grace period for reinstatement would have expired. Per the terms of the policy, reinstatement is only available if a request is made prior to the death of the insured.

10. Admitted in part; denied in part. It is admitted only that, on March 16, 2022, Mr. McBride wrote a letter to Fidelity Life instructing Fidelity Life to cancel the Life Insurance Policy and submitted a completed policy cancellation form. See Exhibit A. The cancellation form is in writing and speaks for itself, and any characterization of its contents by Plaintiffs is specifically denied. It is further denied that Pamela McBride's signature on the cancellation form Mr. McBride submitted to Fidelity Life was required or that its absence has any legal consequence, as this paragraph implies. Fidelity Life also denies the averment in this paragraph that Mr. McBride "did not have the mental capacity to execute the documents terminating the [Life Insurance] Policy coverage." After reasonable investigation, Fidelity Life is without sufficient information to form a belief as to the veracity of the remaining averments of this paragraph. Said averments are therefore denied, and strict proof thereof is hereby demanded at trial, if material.

11. Denied. The March 22, 2022 premium invoice to which this paragraph refers is in writing and speaks for itself, and any characterization of its contents by Plaintiffs is denied.

12. Denied. The April 11, 2022 letter to which this paragraph refers is in writing and speaks for itself, and any characterization of its contents by Plaintiffs is specifically denied.

13. Admitted in part; denied in part. It is admitted only that Mr. McBride died on April 9, 2022. After reasonable investigation, Fidelity Life is without sufficient information to form a

belief as to the veracity of the remaining averments of this paragraph. Said remaining averments are therefore denied, and strict proof thereof is hereby demanded at trial, if material.

14. Denied. The letters to which this paragraph refers are writings that speak for themselves, and any characterization of their respective contents by Plaintiffs is specifically denied.

15. Admitted in part; denied in part. It is admitted only that Pamela McBride submitted a claim form to Fidelity Life on or about April 25, 2022. The remaining averments of this paragraph are legal conclusions to which no response is required. To the extent any response to the remaining averments is required, said remaining averments are denied. By way of further response, Mr. McBride had cancelled the Life Insurance Policy and terminated the coverage provided thereunder prior to his death, and the Life Insurance Policy was not in force at the time of Mr. McBride's death.

16. Admitted in part; denied in part. It is admitted only that, after Royce McBride had canceled the Life Insurance Policy and thereafter died on April 9, 2022, Pamela McBride sought to submit funds to Fidelity Life in connection with the Life Insurance Policy. Fidelity Life ultimately returned those funds to Pamela McBride because Royce McBride had cancelled the Life Insurance Policy prior to his death on April 9, 2022. No request for reinstatement came until after the death of the insured and after any grace period for reinstatement would have expired. Per the terms of the policy, reinstatement is only available if a request is made prior to the death of the insured. The remaining averments of this paragraph constitutes legal conclusions to which no response is required. To the extent any response is required, the remaining averments are denied.

17. Denied. The April 27, 2022 letter is in writing and speaks for itself, and any characterization of its contents by Plaintiffs is specifically denied.

18. Admitted in part; denied in part. It is admitted only that, after Royce McBride had canceled the Life Insurance Policy and thereafter died on April 9, 2022, Pamela McBride sought to submit funds to Fidelity Life in connection with the Life Insurance Policy. Fidelity Life ultimately returned those funds to Pamela McBride because Royce McBride had cancelled the Life Insurance Policy prior to his death on April 9, 2022. No request for reinstatement came until after the death of the insured and after any grace period for reinstatement would have expired. Per the terms of the policy, reinstatement is only available if a request is made prior to the death of the insured. The May 19, 2022 correspondence to which this paragraph refers is in writing and speaks for itself, and any characterization of its contents by Plaintiffs is specifically denied. It is specifically denied that the Life Insurance Policy pursuant to which Plaintiffs seek recovery in this matter was in effect at the time of Royce McBride's death on April 9, 2022 or at any subsequent time, as this paragraph implies. The remaining averments of this paragraph constitute conclusions of law to which no response is required. To the extent any response is required, said remaining averments are denied.

19. Denied as stated. It is admitted only that, on or about May 23, 2022, Fidelity Life returned to Pamela McBride the funds she sought to submit to Fidelity Life in connection with the Life Insurance Policy after Royce McBride had cancelled the policy and after he had subsequently died. The remaining averments are conclusions of law to which no response is required. To the extent any response to the remaining averments is required, said remaining averments are denied.

20. Denied. By way of further response, the Life Insurance Policy was not in effect at the time of Royce McBride's death or at any subsequent time because Royce McBride had previously cancelled the policy and terminated the coverage provided thereunder. No request for reinstatement came until after the death of the insured and after any grace period for reinstatement

would have expired.  Per the terms of the policy, reinstatement is only available if a request is made prior to the death of the insured.

21. Denied.  By way of further response, the Life Insurance Policy was not in effect at the time of Royce McBride's death or at any subsequent time because Royce McBride had previously cancelled the policy and terminated the coverage provided thereunder.  No request for reinstatement came until after the death of the insured and after any grace period for reinstatement would have expired.  Per the terms of the policy, reinstatement is only available if a request is made prior to the death of the insured.

22. Denied.  By way of further response, the Life Insurance Policy was not in effect at the time of Royce McBride's death or at any subsequent time because Royce McBride had previously cancelled the policy and terminated the coverage provided thereunder.

23. Denied.  By way of further response, the Life Insurance Policy was not in effect at the time of Royce McBride's death or at any subsequent time because Royce McBride had previously cancelled the policy and terminated the coverage provided thereunder, and the policy was not subsequently eligible for reinstatement by either or both of the Plaintiffs, as this paragraph implies.

24. Denied.  By way of further response, the Life Insurance Policy was not in effect at the time of Royce McBride's death or at any subsequent time because Royce McBride had previously cancelled the policy and terminated the coverage provided thereunder, and the policy was not subsequently eligible for reinstatement by either or both of the Plaintiffs.

25. Denied as a legal conclusion.

26. Denied as a legal conclusion.

27. Denied as a legal conclusion.

## AFFIRMATIVE/SEPARATE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred because it would result in unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by virtue of failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by discharge.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by Plaintiffs' failure to satisfy one or more conditions precedent to the receipt of any benefit and/or coverage provided by the Life Insurance Policy.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by Plaintiffs' lack of standing.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by unilateral mistake of fact.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by mutual mistake.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by Royce McBride's cancellation of the Life Insurance Policy prior to his death and his subsequent death thereafter.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any claims for penalty are barred because Fidelity Life at all times acted in good faith and in compliance with the applicable law.

### FIFTEENTH AFFIRMATIVE DEFENSE

There was no enforceable contract in effect between Fidelity Life, Plaintiffs and/or Royce McBride at the time of Mr. McBride's death.

### SIXTEENTH AFFIRMATIVE DEFENSE

Fidelity Life owed no contractual duty to Plaintiffs after Royce McBride canceled the Life Insurance Policy on March 16, 2022.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Fidelity Life did not breach any contractual obligation to Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Fidelity Life did not owe any fiduciary duty to Plaintiffs at any relevant time.

### NINETEENTH AFFIRMATIVE DEFENSE

Fidelity Life did not breach any fiduciary duty purportedly owed to Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

Fidelity Life did not owe any tort duty to Plaintiffs at any relevant time.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Fidelity Life did not breach any tort duty purportedly owed to Plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Fidelity Life did not intentionally misrepresent to or conceal material facts from Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs were not prejudiced by any conduct of Fidelity Life.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs were not damaged by any conduct of Fidelity Life.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Pamela McBride, as a third-party beneficiary, cannot renegotiate the terms of the Life Insurance Policy in contravention of Royce McBride's direction and intention.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because a life insurance policy cannot be issued after the death of the proposed insured.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Fidelity Life did not make any misrepresentations to Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Fidelity Life did not breach the Tennessee Consumer Protection Act, including T.C.A. §47-18-104 and 109, as such claims are barred by T.C.A. §56-8-113.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Fidelity Life did not act with willful, knowing, and reckless deception.

## THIRTIETH AFFIRMATIVE DEFENSE

Fidelity Life did not act in bad faith at any relevant time.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Life Insurance Policy was not eligible for reinstatement inasmuch as no request for reinstatement of the policy was made prior to the death of Royce McBride.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Fidelity Life did not waive the right to disclaim coverage and/or deny the benefit of the Life Insurance Policy at any time.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Fidelity Life is not estopped from disclaiming coverage and/or denying the benefit of the Life Insurance Policy.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Fidelity Life has no contractual or other legal obligation to provide coverage and/or pay the benefit of the Life Insurance Policy to either of the Plaintiffs.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Frauds and/or because, to the extent Plaintiffs allege to have created a contract with Fidelity Life, such contract is not evidenced by any sufficient writing.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Fidelity Life reserves its right to amend this Answer by asserting additional and/or different defenses upon the development of new information.

Respectfully submitted,

**HOWELL & FISHER, PLLC**
*Counsel for Defendant, Fidelity Life Association*

*/s/ G. Andrew Rowlett*
G. Andrew Rowlett, No. 016277
3310 West End Avenue, Suite 550
Nashville, TN 37203
arowlett@howellfisher.com
#615/244-3370


**KENNEDYS CMK LLP**
*Counsel for Defendant, Fidelity Life Association*

 */s/ Sean Mahoney*
**SEAN P. MAHONEY**
(*to be admitted pro hac vice*)
**FRANCES A. LETTIERI**
(*to be admitted pro hac vice*)
1600 Market Street
Suite 1410
Philadelphia, PA 19103
Email: Sean.Mahoney@kennedyslaw.com
Email: Frances.Lettieri@kennedyslaw.com

## CERTIFICATE OF SERVICE

        I hereby certify that on **May 24, 2023** a true copy of the foregoing has been filed with the Court via the CM/ECF System and via electronic mail to *Counsel for Plaintiffs*, Logan-Thompson, P.C., Robert S. Thompson, Esq., 30 2nd Street NW, P.O. Box 191, Cleveland, TN 423-472-0211, rthompson@loganthompsonlaw.com.

                                      */s/ G. Andrew Rowlett*
                                      **G. ANDREW ROWLETT**